a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATHANIEL CARMOUCHE #618126,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01081<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| TIM HOOPER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed by pro se Petitioner Nathaniel Carmouche ("Carmouche"). Carmouche is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Carmouche challenges the constitutionality of his convictions and sentences imposed in the Ninth Judicial District Court, Rapides Parish.

Because Carmouche's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Carmouche was convicted of aggravated rape, sexual battery of a person under 13 years of age, and two counts of aggravated incest. He received concurrent sentences of life imprisonment for aggravated rape, 25 years for sexual battery, and 25 years for each count of aggravated incest. *State v. Carmouche*, 2015-264 (La.App. 3 Cir. 10/7/15), 2015 WL 5837666. The Louisiana Third Circuit Court of Appeal

1

affirmed the sentences. *Id.* The Louisiana Supreme Court denied writs. *State v. Carmouche*, 2015-2042, p. 1 (La. 11/18/16); 210 So.3d 801. Carmouche sought further review in the United States Supreme Court, which was denied on May 27, 2017. *Carmouche v. Louisiana*, 137 S.Ct. 2166 (2017).

Carmouche asserts that he filed an application for post-conviction relief on March 26, 2018, which was denied. ECF No. 1 at 2. His writ applications were denied by the appellate court and the Louisiana Supreme Court. ECF No. 1 at 4; *State v. Carmouche*, 2021-01860, p. 1 (La. 1/26/22); 332 So.3d 78.

Carmouche then filed a § 2254 Petition alleging that he was convicted and sentenced without jurisdiction; he was denied the right to testify; there was insufficient evidence to convict him; and he received ineffective assistance of counsel. ECF No. 1; 1-2 at 2.

II.  Law and Analysis

    A.  Carmouche's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

### B. Carmouche's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Carmouche's conviction became final on May 27, 2017, when the United States Supreme Court denied writs and the statute of limitations commenced. Carmouche filed an application for post-conviction relief on March 26, 2018, pausing the limitations period on day 303. The application remained pending in the state courts until the Louisiana Supreme Court denied writs on January 26, 2022. At that time, statutory tolling ended, and the statute of limitations resumed with 62 days of one-

year prescriptive period remaining. Carmouches' Petition was not filed until 89 days later, on April 25, 2022. ECF No. 1-2 at 37. Therefore, Carmouche's Petition is untimely.

C. <u>Carmouche does not establish he is entitled to equitable tolling.</u>

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Carmouche does not request equitable tolling, and there is no indication that he would be entitled to such extraordinary relief. Carmouche does not allege that any extraordinary circumstance prevented timely filing and the Court finds none in the record.

4

III.  Conclusion

Because Carmouche's § 2254 Petition is untimely and there is no justification for equitable tolling, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, June 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE